CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 26 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT KEITH BUTLER, | ) | Civil Action No. 7:08-CV-00470 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Jackson L. Kiser |
|    Respondent. | ) | Senior United States District Judge |

Robert Keith Butler, a federal prisoner proceeding pro se, filed a habeas petition, pursuant to 28 U.S.C. § 2241, requesting that credit for time served in state prison be applied to his federal sentence. The respondent filed a motion to dismiss,[1] and the time for Butler's response has expired, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss and dismiss Butler's petition for a writ of habeas corpus.

I.

On October 23, 2002, local Tennessee law enforcement arrested Butler for state law violations and found a firearm in his possession. (Pet. 1.) The state court revoked Butler's probation on October 30, 2002. Id. While Butler was in state custody, the United States District Court for the Middle District of Tennessee ordered Butler to appear in federal court, pursuant to a writ of habeas corpus ad prosequendum,[2] for his federal charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Resp. Mot. Dismiss Ex. 1 Att. B.) The United States District Court for the Middle District of Tennessee subsequently sentenced Butler on April

---

[1] According to Rule 12(d) of the Federal Rules of Civil Procedure, I will treat the motion to dismiss as a motion for summary judgment because the motion presents matters outside of the pleadings that I will not exclude. The Clerk of the court sent Butler a notice in November 2008 of this conversion that specifically informed him of his right to respond with affidavits or additional evidence. However, Butler did not respond.

[2] Writs of habeas corpus ad prosequendum are court orders demanding that an inmate be produced before a court, Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993), and are "immediately executed," United States v. Mauro, 436 U.S. 340, 360 (1978).

12, 2004, to eighty months incarceration for being a felon in possession of a firearm. The district court ordered that Butler's federal sentence run concurrently to his state sentence. The United States Marshal Service (USMS) returned Butler to state physical custody after the sentencing hearing on April 14, 2004. On January 12, 2008, Tennessee paroled Butler into the custody of the USMS.

The Bureau of Prisons (BOP) commenced Butler's federal sentence as of the date the district court imposed theسentence, April 12, 2004. The BOP also designated nunc pro tunc the Tenneessee state prison where Butler served his state sentence. The BOP also gave Butler seven days of Willis credit.[3] Butler requests that I order the BOP to credit Butler with fourteen months of additional prior custody credit for the time he served his state sentence before the imposition of his federal sentence, between October 30, 2002, and April 11, 2004.

II.

A federal sentence begins on the date when the United States Attorney General, through the BOP, has a defendant in custody to deliver to the official detention facility where the sentence will be served. 18 U.S.C. 3585(a); 28 C.F.R. § 0.96. Therefore, a federal sentence does not begin before a federal court enters a sentencing order. However, the BOP may also designate nunc pro tunc a state detention facility to be the place where an inmate serves his federal sentence. 18 U.S.C. § 3621(b). In that case, a federal defendant may receive federal sentencing credit for time served in state prison after a nunc pro tunc designation. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998).

---

[3] Willis credit permits the BOP to credit time to an inmate's federal sentence for a related, previous incarceration although he already received the same credit for a state sentence. Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971). The inmate must be serving a concurrent federal sentence, and the inmate must not actually benefit from a credit to his state sentence. Id.

Butler's federal sentence began on April 12, 2004, when the federal court ordered that Butler serve eighty-months imprisonment concurrently with his state sentence. At the time of his federal sentencing, Tennessee had held Butler in custody since October 30, 2002, when the state revoked his probation and imprisoned him. Because the federal court ordered that the sentence run concurrently with the state sentence, the BOP designated <u>nunc pro tunc</u> the Tennessee state prison as Butler's official detention facility where he would serve his federal sentence. Therefore, the time Butler spent in state prison after the BOP's <u>nunc pro tunc</u> designation counted toward both his state and federal sentences, but the time Butler spent in state prison before the <u>nunc pro tunc</u> designation did not run "concurrently" with any existing federal sentence.

Butler cannot receive credit for times he was in federal physical custody for his federal hearings while he was still in the state's primary custody before the district court announced his sentence. A prisoner in state custody is produced in federal court for federal prosecution pursuant to a federal writ of habeas corpus <u>ad prosequendum</u>. Under such a writ, the state retains primary custody over the prisoner and the prisoner is merely "loaned" to federal authorities. <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Federal primary custody commences only when state authorities relinquish the prisoner on satisfaction of the state obligation or when the BOP makes a <u>nunc pro tunc</u> designation. <u>Evans</u>, 159 F.3d at 911. Butler appeared in federal court pursuant to a writ of habeas corpus <u>ad prosequendum</u> while he was still in state custody and before his federal sentencing or any <u>nunc pro tunc</u> designation. Therefore, Butler was not in federal custody during these appearances, and he is not entitled to any credit toward his federal sentence for any time he served under these writs.

The BOP properly credited Butler's sentence for the seven days he was imprisoned

3

between his initial arrest and subsequent state sentence because those incarcerations were related to the federal offense and occurred before his federal sentence. Under 18 U.S.C. § 3585(b)(1), a federal inmate may receive credit for periods of incarceration served before a federal sentencing order if the incarceration was related to the federal offense and the incarceration was not already credited to another sentence. See Willis, 438 F.2d at 925 (holding credit can apply to state and federal sentences if served concurrently and state credit does not benefit inmate). Therefore, the BOP properly credited Butler with seven days of Willis credit for his incarcerations related to the federal offense that he served before his federal sentence:

Butler's incarceration between his October 2002 state sentence and his April 2004 federal sentence was not related to his federal offense, but was for violating the terms of his state probation. Butler was ordered to serve his federal sentence concurrently with his state sentence as of April 12, 2004, but the federal court did not order any type of retroactive concurrent sentence, as Butler suggests, that would award him credit for time served between his October 2002 state sentence and his April 2004 federal sentence. Cf. Rios v. Wiley, 201 F.3d 257, 266-70 (3d Cir. 2000) (superceded by statutory amendment on unrelated grounds regarding sentencing guidelines) (the sentencing court's use of the language "credit for time served," supported by other things in record, evidence the court's intent to adjust the sentence to account for time detained on a federal writ while serving a state sentence). The BOP accordingly did not credit Butler for his state probation violation incarceration between October 30, 2003, and April 12, 2004. Therefore, I find that the BOP correctly calculated Butler's sentence, and Butler received the proper amount of sentencing credit. Accordingly, I grant the respondent's motion to dismiss.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss Butler's

petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 26th day of January, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge